UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DR. CLIFFANY N. WILLIAMS and
JOYCE A. WILLIAMS,

    Plaintiffs,
v.
                          CASE NO: 8:11-cv-2865-T-33TBM

ARTHUR T. JONES, ARTHUR T.
JONES, II, RUTH HUNTER, and
BIBLE BASED FELLOWSHIP CHURCH,

    Defendants.
_____/

**ORDER**

This matter is before the Court pursuant to Defendants' Motion to Dismiss the Complaint (Doc. # 7), filed on January 18, 2012, and Plaintiffs' Motion for Leave to File First Amended Complaint Joining Additional Charges (Doc. # 8), filed on February 10, 2012. The Court heard oral argument on the motions on March 2, 2012. For the reasons stated at oral arguments and for the reasons that follow, the Court grants the motion to dismiss and denies the motion for leave to file an amended complaint.

**I.**    **Background**

Dr. Cliffany Williams and Joyce Williams, pro se, filed their complaint against Arthur T. Jones, Arthur T. Jones, II, Ruth Hunter, and Bible-Based Fellowship Church in this Court

on December 30, 2011.  (Doc. # 1).

The complaint alleges that Plaintiffs were longtime members of defendant Bible Based Fellowship Church, and that defendant Arthur T. Jones is the pastor of the church. Plaintiffs allege that defendant Arthur T. Jones II ("Tim Jones") is the pastor's son and has been designated to succeed him as the head of the church.  Plaintiffs further allege that Ruth Hunter is the executive director of administration of the church.

According to the complaint, in 2004, Cliffany Williams suffered an assault at the hands of a friend of Tim Jones. The assault was reported to police but not prosecuted. Afterwards, Dr. Williams sought guidance from the church and from Pastor Jones in particular.  Plaintiffs allege that Jones agreed to investigate the incident and to meet with Plaintiffs, but in the seven years following the assault he failed to do so.

The complaint alleges the following counts against the various defendants, all generally arising from Pastor Jones's alleged failings as a spiritual advisor following the assault:

    Count I - Breach of Fiduciary Duty;
    Count II - Breach of Fiduciary Duty;
    Count III - Negligence;
    Count IV - Fraud;
    Count V - Intentional Infliction of Emotional

> Distress;
> Count VI - Negligent Infliction of Emotional Distress;
> Count VII - Negligent Failure to Warn;
> Count VIII - Negligent Failure to Intervene;
> Count IX - Negligent Failure to Protect;
> Count X - Bullying; and
> Punitive Damages.

The complaint alleges that all parties are residents of Florida. The complaint does not allege any amount in controversy, nor does the complaint allege any federal law or question upon which the claims are based.

On January 18, 2012, Defendants filed a motion to dismiss for lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). (Doc. # 7). Defendants argue that the complaint should be dismissed because: (1) it is so vague that it is unclear what is alleged against each of the defendants; (2) the matter does not appear to be between citizens of different states, nor does it involve a federal question; and (3) the amount in controversy does not exceed the jurisdictional minimum of $75,000.

Plaintiffs did not file a response to the motion to dismiss in the time prescribed by the Rules. Instead, Plaintiffs filed a Motion for Leave to File First Amended

Complaint Joining Additional Charges. (Doc. #8). Defendants did not file a response to the motion for leave to amend in the time prescribed by the Rules. The Court heard oral argument on the motions on March 2, 2012.

II. **Analysis**

   A. **Defendants' Motion to Dismiss the Complaint**

Federal courts are courts of limited jurisdiction; in order to establish a claim in federal court, the plaintiff must display complete diversity or raise a question of federal law. The party invoking jurisdiction bears the burden of demonstrating that the matter falls within the court's subject matter jurisdiction. Curry v. High Springs Family Practice & Diagnosis Ctr., No. 1:08-cv-8, 2009 WL 3163221, at *2 (N.D. Fla. Sept. 30, 2009). Federal courts are "empowered to hear only those cases within the judicial power of the United States as defined by Article III of the constitution." Bochese v. Town of Ponce Inlet, 405 F.3d 964, 974 (11th Cir. 1994).

Generally, the district courts have jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal courts may also hear cases based on diversity jurisdiction, which requires the parties to be citizens of different states and

the amount in controversy to exceed the sum of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332.

### 1. **Federal Question Jurisdiction**

As stated in Merrell Dow Pharmaceuticals, Inc. v. Thompson, 478 U.S. 804, 808 (1986), "the question of whether a claim arises under federal law must be determined by reference to the well-pleaded complaint." The Supreme Court has explained that "[u]nder the longstanding well-pleaded complaint rule, . . . a suit arises under federal law only when the plaintiff's statement of his own cause of action shows that it is based upon federal law." Vaden v. Discover Bank, 556 U.S. 49, 60 (2009).

Within these parameters, the Supreme Court has clarified that a cause of action can arise under federal law in one of three ways. Franchise Tax Bd v. Const. Laborers Vacation Trust, 463 U.S. 1, 8 (1983). First, a federal law may create the cause of action. Id. at 9, 27. Second, a cause of action may arise where "some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims." Id. at 13. Third, a cause of action may arise where "a federal cause of action completely preempts a state cause of action." Id. at 24. However, the mere mention of a federal statute in a complaint does not create federal

-5-

question jurisdiction.  Hill v. Marston, 13 F.3d 1548, 1550 (11th Cir. 1994).

After analyzing the complaint and hearing oral argument on the issue, the Court concludes that the causes of action alleged are not created by any federal law, do not contain any disputed question of federal law as a necessary element of one of the state law claims, and are not based on any federal cause of action that preempts a state cause of action.  Each of the causes of action alleged in the complaint – breach of fiduciary duty, negligence, fraud, infliction of emotional distress, and bullying – is a state law claim that does not raise a question of federal law.  Accordingly, this Court does not have subject matter jurisdiction over this matter based on any federal question.

### 2. **Diversity Jurisdiction**

Federal courts may also hear cases based on diversity jurisdiction if the parties are citizens of different states and if the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.  28 U.S.C. § 1332.  Again, "the burden of pleading diversity of citizenship is upon the party invoking federal jurisdiction, and if jurisdiction is properly challenged, that party also bears the burden of proof."  Rolling Greens MHP, L.P. v. Comcast SCH Holdings

L.L.C., 374 F.3d 1020, 1022 (11th Cir.2004).

Here, the complaint does not allege any amount in controversy. Accordingly, Plaintiffs have not met their burden of establishing that the amount in controversy exceeds the minimal jurisdictional requirement of $75,000. However, even if Plaintiffs could establish the jurisdictional minimum, Plaintiffs have not met their burden of establishing complete diversity among the parties. It is well established that there must be complete diversity of citizenship between opposing litigants. "[D]iversity jurisdiction does not exist unless *each* defendant is a citizen of a different state from *each* plaintiff.'" Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373 (1978)(italics in original). Diversity is determined based on the citizenship of the parties at the time the complaint is filed. See Harris v. Garner, 216 F.3d 970, 983 (11th Cir.2000).

Here, Plaintiffs are residents of Tampa, Florida. In the complaint, Plaintiffs allege that each of the individual defendants is also a resident of Tampa, Florida, and that Bible Based Fellowship Church is organized under the laws of the state of Florida with its principal office located in Tampa, Florida. Indeed, at oral argument, Plaintiffs agreed that all of the parties are citizens of Florida. Accordingly,

based on the face of the complaint and Plaintiffs' statements at oral argument, the Court finds that the parties are not citizens of different states, and therefore the requirements to invoke diversity jurisdiction have not been met.

For the foregoing reasons, based on the well-pled allegations in the complaint, the Court finds that it lacks subject matter jurisdiction over this matter. Accordingly, Defendants' motion to dismiss is granted pursuant to Federal Rule of Civil Procedure 12(b)(1).

**B. Plaintiffs' Motion for Leave to File Amended Complaint Joining Additional Charges**

In an apparent response to Defendants' motion to dismiss, on February 20, 2012, Plaintiffs filed a Motion for Leave to File First Amended Complaint Joining Additional Charges (Doc. # 8). The motion does not contain any legal basis or arguments for allowing Plaintiffs leave to file an amended complaint, but merely attaches a copy of the proposed amended complaint.

"The grant or denial of an opportunity to amend is within the discretion of the district court." Foman v. Davis, 371 U.S. 178, 182 (1962). The Foman decision enumerates the following factors that a district judge may use to deny leave to amend: undue delay, bad faith or dilatory motive on the

part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of the amendment. Id.

In the proposed amended complaint, Plaintiffs do allege an amount in controversy, $25 million, which would satisfy the jurisdictional minimum requirement. However, the Plaintiffs again allege that the parties are all residents of the state of Florida, and Plaintiffs acknowledged this fact at oral argument. Given this, the Court finds that the amended complaint does not satisfy the requirements to establish diversity jurisdiction.

Further, the Court finds that the amended complaint also would not establish jurisdiction based on any federal question. The amended complaint includes additional counts for collusion, slander, and tort. However, these additional causes of action are all state law claims, are not created by any federal law, and do not necessarily raise any federal question.

The Court notes that the proposed amended complaint does contain a statement that Plaintiffs seek damages for "deprivation of the plaintiffs' civil rights and various special federal acts under the First and Fourteenth Amendments to the Constitution." (Doc. # 8 at 2). However, as previously

explained, the Supreme Court has articulated that a cause of action arises under federal law only where the cause of action is created by federal law, where some substantial, disputed question of federal law is a necessary element of one of the well-pled state claims, or where a federal cause of action completely preempts a state cause of action. Thus, a mere mention of a federal statute in a complaint does not create federal question jurisdiction. Hill, 13 F.3d at 1550.

Although the amended complaint does mention the First and Fourteenth Amendments and an alleged deprivation of civil rights, the amended complaint does not state how these federal statutes provide a basis for their claims or tie the alleged causes of action to these federal statutes in any way. Further, the First and Fourteenth Amendments would not provide a basis for Plaintiffs' claims, because these amendments do not provide a private cause of action against individual defendants. Williams v. United States, No. 6:08-cv-1771, 2009 WL 3200687, at *3 (M.D. Fla. Sept. 29, 2009). Likewise, Plaintiffs cannot state a claim for deprivation of civil rights against these defendants under the Civil Rights Act, Title 42 U.S.C. § 1983, because Section 1983 applies only to those persons acting "under color of the law," such as police officers, government officials, or prison guards.

Accordingly, the Court finds that Plaintiffs' mere mention of a deprivation of civil rights and the First and Fourteenth Amendments in the proposed amended complaint is insufficient to establish federal question jurisdiction. For these reasons, the Court finds that the proposed amended complaint does not establish either diversity or federal question jurisdiction, and as such, would be futile. Therefore, the Court denies the motion for leave to file an amended complaint.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendants' Motion to Dismiss the Complaint (Doc. # 7) is **GRANTED.**

(2) Plaintiffs' Motion for Leave to File First Amended Complaint Joining Additional Charges (Doc. # 8) is **DENIED.**

(3) The Clerk is directed to close this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 10th day of April, 2012.

/s/ Virginia M. Hernandez Covington
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel and Parties of Record